**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3408-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

SOL LABOY,

    Defendant-Appellant.

_____

Submitted May 28, 2026 – Decided July 29, 2026

Before Judges Marczyk and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Municipal Appeal No. 6-24.

David A. Stefankiewicz, attorney for appellant.

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Robert A. Polis II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Sol Laboy appeals from three convictions: driving while intoxicated (DWI), N.J.S.A. 39:4-50; refusal to submit to a chemical test, N.J.S.A. 39:4-50.2; and driving with an open container of alcohol, N.J.S.A. 39:4-51b. On appeal, defendant presents the following arguments for our consideration:

> POINT I. THE LAW DIVISION ERRED IN CONCLUDING THAT THE STATE PROVED "OPERATION" BEYOND A REASONABLE DOUBT.
>
> A. The Record Contains No Proof of Intent to Drive.
>
> B. The Record Contains No Proof of Recent Operation.
>
> POINT II. THE LAW DIVISION FAILED TO MAKE FINDINGS OF FACT AND EXPLAIN ITS REASONS FOR FINDING "OPERATION," WARRANTING REVERSAL.
>
> POINT III. THE STATE DID NOT PROVE REFUSAL BEYOND A REASONABLE DOUBT.

We have considered these arguments in light of the record and applicable legal principles and affirm.

The State presented two witnesses at trial: Vineland City Police Officer Luis Vazquez and Sergeant Jeffrey Rowan. Officer Vazquez testified that on October 29, 2022, around four or five in the morning, he responded to a street

2

in Vineland to investigate a "suspicious vehicle" parked at an angle in the caller's driveway and partially on the street at the end of a cul-de-sac. Upon arrival, Officer Vazquez observed another officer trying to make contact with defendant, who was found asleep in her car. The engine was running and exhaust was visible from the tailpipe. When that other officer awakened her, defendant was unaware of the time or her location.

The officer advised Officer Vazquez defendant had two open containers inside her car. Defendant was instructed to turn off the engine and step out of the car. After putting on her shoes and exiting her car, Officer Vazquez detected "a faint odor of alcoholic beverage." Defendant admitted to drinking and attending a party earlier that evening. She denied driving, explaining she pulled over to sleep it off.

Officer Vazquez administered three field sobriety tests—the horizontal gaze nystagmus, the walk-and-turn, and the one-leg stand—all which defendant failed. She was placed under arrest and transported to the police station. Officer Vazquez's testimony was corroborated by footage from his body-worn camera.

Sergeant Rowan, the assigned Alcotest operator, was responsible for administering the breathalyzer test to defendant. He testified after completing the "Alcohol Influence Questionnaire," he read the standard statement prepared

A-3408-24

by the Attorney General to defendant. This statement informed her of the mandatory nature of the test and warned that a court could find her guilty of both refusal and DWI. Upon hearing both the first and second paragraphs of the statement, defendant responded, "No."

On cross-examination, Sergeant Rowan acknowledged he was required to document on a supplemental form that he had read the standard statement for the Alcotest to defendant; but this was not done. When asked how the court could be certain the standard statement was read to defendant, Sergeant Rowan stated his testimony served as confirmation. Defendant also refused to sign the "Miranda[1] Warning Form." Sergeant Rowan testified defendant appeared coherent and demonstrated an understanding of the forms.

Defendant did not testify or present any witnesses on her behalf. After considering the testimony and the body-worn camera footage, the municipal judge found both State witnesses credible. In issuing his oral opinion, the judge found defendant not guilty of reckless driving, N.J.S.A. 39:4-96, citing the lack of evidence she had engaged in reckless driving. However, the judge determined the State met its burden of proof regarding the remaining charges, finding defendant: had two open containers in the car; refused to submit to the breath

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

test under the standard set forth in State v. Marquez, 202 N.J. 485 (2010); and operated a motor vehicle while under the influence pursuant to State v. Sweeney, 40 N.J. 359 (1963).

Defendant appealed from her convictions. On de novo review, the Law Division judge entered a May 22, 2025 order, finding defendant guilty of the same offenses and scheduling sentencing for a future date. The judge made detailed findings, including that both State witnesses were credible. The sentence imposed mirrored that issued by the municipal court.

"Our role in an appeal such as this one is limited, in that we 'consider only the action of the Law Division and not that of the municipal court.'" State v. Adubato, 420 N.J. Super. 167, 175-76 (App. Div. 2011) (quoting State v. Oliveri, 336 N.J. Super. 244, 251 (App. Div. 2001)). In conducting our de novo review, we "focus[] on whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (omission in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)).

We apply the "two-court rule" of appellate review for a Law Division ruling that affirms, de novo, a municipal court's decision. State v. Locurto, 157 N.J. 463, 474 (1999). "Under the two-court rule, [we] ordinarily should not

undertake to alter concurrent findings of facts and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." Ibid. Accordingly, our "review of the factual and credibility findings of the municipal court and the Law Division 'is exceedingly narrow.'" State v. Reece, 222 N.J. 154, 167 (2015) (quoting Locurto, 157 N.J. at 470).

Pursuant to these principles, we reject defendant's arguments the Law Division judge erred in finding the State met its burden, based on defendant's contention the record does not show an intent to drive or recent operation of the car by defendant. We have held "an intoxicated and sleeping defendant behind the wheel of a motor vehicle with the engine running is operating the vehicle within the meaning of N.J.S.A. 39:4-50(a)." State v. Thompson, 462 N.J. Super. 370, 375 (App. Div. 2020). "Operation may be proved by any direct or circumstantial evidence—as long as it is competent and meets the requisite standards of proof." State v. Ebert, 377 N.J. Super. 1, 10 (App. Div. 2005) (quoting State v. George, 257 N.J. Super. 493, 497 (App. Div. 1992)). "[O]peration" may also be established "by observation of the defendant in or out of the vehicle under circumstances indicating that the defendant had been driving while intoxicated or by defendant's admission." Id. at 11 (citations omitted).

6

These holdings align with the well-settled principle that "operation" may be found from evidence that would reveal "a defendant's intent to operate a motor vehicle." State v. Tischio, 107 N.J. 504, 513 (1987). We have also determined "it is 'the possibility of motion' that is relevant" and not whether the vehicle was observed in motion. Thompson, 462 N.J. Super. at 375 (quoting State v. Stiene, 203 N.J. Super. 275, 279 (App. Div. 1985)).

Here, there was substantial credible evidence in the record—the officer's observations, defendant's admissions, and the body-worn camera footage—to support the Law Division judge's findings of defendant's guilt beyond a reasonable doubt. Defendant misapprehends the concept of operation of a car while under the influence. As in Sweeney, defendant was found in the car parked on a residential street with the keys in the ignition and the engine running. 40 N.J. at 360-61; see also George, 257 N.J. Super. at 495-97. The judge's findings were based on the totality of evidence in the record, which supported the conclusion defendant had "operated" the vehicle while under the influence of alcohol within the meaning of N.J.S.A. 39:4-50(a).

Relying on State v. Cummings, 184 N.J. 84, 89 (2005), defendant contends the State did not meet its burden of proof regarding her refusal to submit to a breath test. She also reiterates her challenge to the finding she

operated her car. Additionally, defendant asserts Sergeant Rowan's failure to document that he read the standard statement to her, as well Officer Vazquez's omission of this information in his investigative report, further demonstrates the alleged lack of proof.

Pursuant to N.J.S.A. 39:4-50.4a, a motorist who fails to submit to a breath test at law enforcement's request will be charged with refusal, triggering a mandatory suspension of the motorist's driving privileges. To establish the charge of refusal to submit to a breath test beyond a reasonable doubt, the State must prove four elements:

> (1) the arresting officer had probable cause to believe that [the] defendant had been driving or was in actual physical control of a motor vehicle while under the influence of alcohol or drugs; (2) [the] defendant was arrested for driving while intoxicated; (3) the officer requested [the] defendant to submit to a chemical breath test and informed [the] defendant of the consequences of refusing to do so; and (4) defendant thereafter refused to submit to the test.
>
> [Marquez, 202 N.J. at 503 (citing N.J.S.A. 39:4-50.2(e), -50.4a(a)).]

With regard to the first and second elements, defendant's reliance on State v. Mulcahy, 107 N.J. 467 (1987) is misplaced in light of our holding in Thompson, 462 N.J. Super. at 375. Moreover, defendant's presence in the car with the engine running demonstrated the possibility of motion. Ibid.

8

As to the third and fourth elements, we are not persuaded by defendant's contention the failure to document her refusal to submit to the breath test warrants reversal. Indeed, as the trial judge observed, Sergeant Rowan read both required paragraphs to defendant, and she twice declined to submit to the breath test. Notably, two failures to provide an adequate breath sample have been found sufficient to constitute refusal. In re Kallen, 92 N.J. 14, 17-18 (1983). We are satisfied the trial judge properly applied the implied consent doctrine and appropriately drew a negative inference from defendant's refusal.

To reiterate, we are convinced there was substantial credible evidence to support the guilty verdicts rendered by the municipal court and Law Division. Any other arguments we have not specifically addressed lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M. C. Hanley

Clerk of the Appellate Division

A-3408-24